UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL MURRAY,<br><br>    Plaintiff,<br><br>  v.<br><br>CITY OF PORT JERVIS and MICHAEL DECKER,<br><br>    Defendants. | No. 18-CV-802 (KMK)<br><br>ORDER |

KENNETH M. KARAS, United States District Judge:

Michael Murray ("Plaintiff") brings this Action asserting, among other things, violations of his rights under the Fourth, Sixth, and Fourteenth Amendments. (*See* Compl. (Dkt. No. 2).) On April 9, 2018, Chief Judge McMahon, to whom this case was originally assigned, granted Plaintiff's request to proceed in forma pauperis. (Dkt. No. 6.) On April 20, 2018, Judge McMahon issue an Order dismissing the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), but out of "an abundance of caution" granted Plaintiff 30 days to amend. (Dkt. No. 7.)

On May 17, 2018, Plaintiff filed an Amended Complaint. (Am. Compl. (Dkt. No. 9).) On June 8, 2018, this Action was reassigned to this Court. (*See* Dkt. (entry for June 8, 2018).) On October 26, 2018, Defendants filed a Motion To Dismiss and accompanying papers. (Dkt. Nos. 25–27.) On April 18, 2019, the Court received a document titled, "Plaintiff's Affidavit/Affirmation in Opposition to Defendant's Motion To Dismiss," dated April 11, 2019, which appears to address a different case. (Dkt. No. 29.) The same day, the Court received a letter, dated April 15, 2019, indicating that Plaintiff was no longer incarcerated. (Dkt. No. 30.) On August 26, 2019, the Court docketed a letter from Plaintiff, dated August 11, 2019, requesting an extension to amend his pleadings. (Dkt. No. 32.) Accordingly, on August 29, 2019, the Court issued an Order terminating the pending motion and directing Plaintiff to file a

second amended complaint by October 4, 2019. (Dkt. No. 31.) To date, Plaintiff has not filed such an amended complaint, and other than filing a Consent to Electronic Service on September 16, 2019, (Dkt. No. 33), Plaintiff has not otherwise communicated with the Court.

On December 31, 2019, Defendants filed a letter seeking an Order of Dismissal in light of Plaintiff's failure to amend and comply with the Court's directive. (Dkt. No. 34.) On January 7, 2020, the Court issued an Order to Show Cause directing Plaintiff to explain, within 30 days, why the case should not be dismissed for failure to prosecute. (Dkt. No. 35.) More than 30 days have now passed since that Order, and Plaintiff has not responded or otherwise communicated with the Court. Accordingly, the Court now dismisses the case for failure to prosecute.

This Court has the authority to dismiss a case for failure to prosecute. See Fed. R. Civ. P. 41(b). Rule 41(b) of the Federal Rules of Civil Procedure provides that a case may be involuntarily dismissed if a plaintiff "fails to prosecute or to comply with these rules or a court order." Although Rule 41(b) expressly addresses a situation in which a defendant moves to dismiss for failure to prosecute, it has long been recognized that a district court has the inherent authority to dismiss for failure to prosecute sua sponte. See *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)).

While dismissal under Rule 41(b) is subject to the sound discretion of the district courts, *see U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 250–51 (2d Cir. 2004), the Second Circuit has stated that a Rule 41(b) dismissal is a "harsh remedy to be utilized only in extreme situations," *LeSane*, 239 F.3d at 209 (internal quotation mark omitted) (quoting *Theilmann v. Rutland Hosp., Inc.*, 455 F.2d 853, 855 (2d Cir. 1972)). However, it has also stated that the authority to invoke dismissal for failure to prosecute is "vital to the efficient administration of

judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982).

Before exercising its discretionary authority to dismiss for failure to prosecute, a district court should consider the following factors:

> [1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has take[n] care to strik[e] the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard . . . and [5] whether the judge has adequately assessed the efficacy of lesser sanctions.

*Hardimon v. Westchester County*, No. 13-CV-1249, 2014 WL 2039116, at *1 (S.D.N.Y. May 16, 2014) (alterations in original) (quoting *LeSane*, 239 F.3d at 209). No single factor is dispositive. *See LeSane*, 239 F.3d at 210; *Hardimon*, 2014 WL 2039116, at *1.

The Court concludes that these factors weigh in favor of dismissal of this Action. When the Court initially granted Plaintiff's request for leave to amend, he was advised that he must do so by October 4, 2019. (*See* Dkt. No. 33.) When Plaintiff still had not done so more than three months after that deadline elapsed, the Court issued an Order To Show Cause explaining that a failure to respond within 30 days would result in dismissal for failure to prosecute. (Dkt. No. 35.) Nonetheless, Plaintiff still has not responded. Moreover, Plaintiff has not communicated with the Court regarding this Action since September 6, 2019, when Plaintiff filed his Consent to Electronic Service. (*See* Dkt. No. 33.)

Accordingly, Plaintiff's case is dismissed with prejudice for failure to prosecute. *See, e.g., Mena v. City of New York*, No. 15-CV-3707, 2017 WL 6398728, at *2 (S.D.N.Y. Dec. 14, 2017) (noting that "a pro se plaintiff is not exempt from complying with court orders and must diligently prosecute his case"); *Capogrosso v. Troyetsky*, No. 14-CV-381, 2015 WL 4393330, at *5 (S.D.N.Y. July 17, 2015) (finding the fact that the plaintiff "has not responded to efforts to

contact her" weighs in favor of dismissal for failure to prosecute); *Savatxath v. City of Binghamton*, No. 12-CV-1492, 2013 WL 4805767, at *1 (N.D.N.Y. Sept. 9, 2013) (dismissing case for failure to prosecute after the plaintiff "neglected to comply with an order . . . requiring him to notify the court . . . as to why th[e] action should not be dismissed for failure to prosecute"); *Smalls v. Bank of N.Y.*, Nos. 05-CV-8474, 07-CV-8546, 2008 WL 1883998, at *4 (S.D.N.Y. Apr. 29, 2008) (dismissing case for failure to prosecute where the court received no communication from the plaintiffs for nearly two months).

The Clerk of Court is directed to mail a copy of this Order to Plaintiff.

SO ORDERED.

Dated: February 24, 2020
White Plains, New York

_____
KENNETH M. KARAS
United States District Judge